UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRYSTAL CAMPBELL, aka, JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-325-B |
| | § | |
| ARTHUR BRENDER, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Arthur Brender's Motion for Attorney's Fees (doc. 39) and the Haynes and Boone Defendants' Application for Attorneys' Fees (doc. 37). Having considered the Motions, the Court is of the opinion that the Motions should be and hereby are **GRANTED**.

### I.

### BACKGROUND

As recorded in numerous Court filings in this case, this is a purported civil rights–racketeering action against two federal judges, the Clerk of Court for this District, three attorneys, a law firm, and two computer technology firms. In essence, Plaintiff claims that the defendants conspired to defeat a prior employment suit by falsifying court records, burglarizing her home to steal files, hacking into multiple computers, committing mail fraud, obstructing justice, and engaging in racketeering. Due to the fanciful and delusional nature of Plaintiff's claims on their face, as well as her history of vexatious litigation, the Court held an evidentiary hearing on October 20, 2010. After giving Plaintiff the opportunity to explain the basis for her claims, the Court concluded

that Plaintiff's claims were "entirely baseless and brought in bad faith" and dismissed the case with prejudice. (Mem. Op. & Order 1-2). In light of the frivolous nature of Plaintiff's claims, the Court further found that Plaintiff should pay Defendants' reasonable attorney's fees and that she should be required to pay a portion of those fees before filing another suit in the Northern District of Texas. (*Id.* at 8). The Court subsequently requested briefing from Defendants outlining their expenditures in defending the case (doc. 36). The Haynes and Boone Defendants filed their Motion for Attorney's Fees on November 12, 2010 (doc. 37), and Defendant Arthur Brender filed his Motion for Attorney's Fees on November 15, 2010 (doc. 39). Plaintiff did not respond.

On November 29, 2010, before the Court was able to rule on Defendants' Motions for Attorneys Fees or enter a final judgment in this case, Plaintiff filed a Notice of Interlocutory Appeal, objecting to the Court's dismissal of her claims (doc. 40). That appeal was recently dismissed for want of prosecution (doc. 43). Accordingly, the Court now resolves the pending Motions for Attorney's Fees.

II.

ANALYSIS

A.   *Standard for Awarding Attorney's Fees*

A federal court has the inherent power to sanction a party who has abused the judicial process via vexatious litigation. *Chambers v. NASCO*, 501 U.S. 32, 46-50 (1991) (recognizing court's inherent authority to award attorneys' fees to sanction bad-faith litigation); *see also Carroll v. Jacques Admiralty Law Firm*, 110 F.3d 293 (5th Cir. 1997) (recognizing exercise of inherent power when rules are not "up to task"); *see, e.g., Natural Gas Pipeline Co. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410-11 (5th Cir. 1993) (permitting exercise of inherent powers to discipline counsel's

complicity with scandalous behavior). More particularly, a court may employ its inherent powers to award a party its reasonable attorney's fees when another party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46. In its Memorandum Opinion and Order dismissing Plaintiff's claims, this Court has already concluded that Plaintiff has engaged in frivolous litigation that was brought in bad faith. *See Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997) ("A court must make a specific finding that the sanctioned party acted in bad faith in order to impose [attorney's fees]"); *see also Batson v. Neal Spelce Associates*, 805 F.2d 546, 550 (5th Cir. 1986) (warning that court should not use inherent powers to punish aggressive litigation). Accordingly, the court finds that an award of fees is proper in this case.

*B. Reasonableness of Attorney's Fees*

Defendant Arthur Brender requests $16,875 in attorney's fees expended in his defense, and the Haynes and Boone Defendants request a heavily discounted award of $31,800. The Court now considers whether these requests are reasonable. *Roadway Exp. v. Piper,* 447 U.S. 752, 766 (1980) ("Because inherent powers [to levy attorneys' fees for bad faith] are shielded from direct democratic controls, they must be exercised with restraint and discretion."); *Flaksa v. Little River Martine Constr.*, 389 F.2d 885, 888 n.10 (5th Cir. 1968) (recognizing court may impose reasonable and appropriate sanctions under inherent power). Looking for guidance to assess the reasonableness of Defendants' requests, the Court turns to the litany of factors recited by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989). These factors include (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the

results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

The Court notes that Defendants and their counsel were well-prepared at the evidentiary hearing held on October 20, 2010 and that their defense was successful. Furthermore, given the severity of the claims leveled against Defendants, it is understandable that a great amount of time, attention, and due diligence would be devoted to the case. All of the attorneys representing Defendants are experienced, well-respected members of the local bar with good reputations.

The Haynes and Boone Defendants claim that the primary attorney representing them, David Dodds, expended 284.10 hours working on his clients' defense, which, considering the fact that he typically bills at a rate of $560 per hour, amounts to $159,096 expended on defending this suit as opposed to pursuing other matters. The Haynes and Boone Defendants do not seek, nor have they even provided, the extent of the work performed by the Defendants themselves or Stacy Brainin, who presented their position at the evidentiary hearing. In addition to not including the fees of these attorneys in their request, the Haynes and Boone Defendants have also severly discounted Dodds work, asking only for $31,800. This request amounts to less than 20 percent of the amount he would typically charge, or a mere $100 per hour.

Defendant Brender, in turn, seeks to recover $16,875 in fees for 33.75 hours expended at a rate of $500. (*See* Brender Dec. 1-2). Brender asserts that his typical fee for non-contingency fee work is between $500 and $600. (*Id.* at 2). Reviewing his Declaration, it appears that Brender expended a reasonable amount of time preparing and presenting his defense. Furthermore, the Court finds Brender's request for fees on the bottom range of what he normally charges to be

reasonable as well.  Just because the Haynes and Boone Defendants have chosen to limit their fees to such a great extent, that decision should not and does not similarly bind Brender.  Instead, the court finds that the $16,875 he request on a $500 per hour basis to be wholly reasonable in the instant case.

## III.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Arthur Brender's Motion for Attorney's Fees and The Haynes and Boone Defendants' Application for Attorneys' Fees.  Defendants are awarded a total of $48,675 in fees, with Defendant Arthur Brender being awarded $16,875 as his reasonable attorney's fees and with the Haynes and Boone Defendants receiving $31,800 as their reasonable attorney's fees.

Based on Plaintiff's history of filing frivolous lawsuits and in order to prevent similar suits in the future, the Court has the power to bar Plaintiff from filing future lawsuits without the prior consent of a district court or magistrate judge.  *See Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994).  Here, instead of completely barring Plaintiff from bringing suit without judicial permission, the Court determines that the most appropriate sanction would be to require Plaintiff to pay a portion of these attorney's fees before filing any future lawsuits.  Such a sanction encourages an Plaintiff to realize the consequences of filing such actions, while also allowing her an opportunity to redeem her ability to bring suit without prior judicial approval.

**Accordingly, the Court hereby imposes additional sanctions on Plaintiff in light of her history of frivolous litigation in this and other courts.  (*See* Oct. 26 Mem. Op. & Order 2-3, 4 n.2, 8).  Unless Plaintiff is granted prior leave by a district court or magistrate judge, she is**

prohibited from filing any new complaint or civil action in this District <u>without first paying 10% of the fees owed to each Defendant ($4,867.50 to the Haynes and Boone Defendants and $1,687.50 to Defendant Brender)</u>. The Clerk of Court is hereby DIRECTED to return any complaint or new complaint or civil action that is filed by Plaintiff without prior leave of a district or magistrate judge and without first paying 10% of Defendants' attorney's fees. If Plaintiff refuses to comply with this Order, the Court will issue a show cause order directing Plaintiff to appear and show cause why she should not be held in contempt or why additional sanctions should not be imposed.

    SO ORDERED.

    DATED March 11, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE